# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN LLOYD,  :  | |
|     Plaintiff,  : | |
| : | |
| v.  : | CIVIL ACTION NO. 24-CV-1993 |
| : | |
| MANHEIM TOWNSHIP  : | |
| POLICE DEPARTMENT, *et al.*,  : | |
|     Defendants.  : | |

## MEMORANDUM

**SCHMEHL, J.  /S/ JLS**                                          **MAY  17, 2024**

    Susan Lloyd filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the Manheim Township Police Department ("MTPD"), Manheim police officers Martin and Wiczkowski, and Lancaster County Upholstery.  Lloyd has also applied to proceed *in forma pauperis* and seeks emergency injunctive relief.  For the following reasons, the request to proceed *in forma pauperis* will be granted,[1] the request for injunctive relief will be denied, and the case will be dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   FACTUAL ALLEGATIONS[2]

    Lloyd asserts that on May 9, 2024, Lancaster County Upholstery called the Manheim Police based on her protest activity directed to the business located next store, Manheim Pike

---

[1] The Court notes that there is an obvious typographical mistake in Lloyd's Application to Proceed *In Forma Pauperis* where she lists her disability income as $30,000/month.  (ECF No. 1 at 2.)  Lloyd also filed a motion to allow her to pay the filing fee over time.  (ECF No. 6)  Because she will be granted leave to proceed *in forma pauperis*, the motion to pay the fee over time will be denied as moot.

[2] The facts set forth in this Memorandum are taken from Lloyd's Complaint (ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Vet. (Compl. at 3.) Her protest was focused upon the care the veterinary practice provided to her service dog. Lloyd asserts that she was obeying all laws, was on public property during her protest, and was not blocking traffic or causing a disturbance. (*Id*.) She claims that the Manheim Police Department has a long history of violating her rights, including letting a woman steal her belongings and allowing two individuals to stalk her and to look into her windows. (*Id*. at 3, 4-5.) On May 9, someone from Lancaster County Upholstery told Lloyd to leave because she was on the business's property. (*Id*. at 4.) There are no sidewalks in the area and Lloyd told this individual that she was on public property but the individual called the police. (*Id*.) She alleges that the "Manheim Township Police Defendants" violated her First Amendment rights and made her leave the area under threat of arrest. (*Id*.)

Lloyd asserts a constitutional claim because the MTPD has a "long history of violating [her] civil rights." (*Id*. at 4-5.) In reference to the incident where the MTPD "allowed" two individuals to stalk her for nine months, she alleges that the "Manheim Township Police Defendants" told her they would charge the stalkers with a criminal act and that they "violated that duty by abandoning Lloyd" and continued to allow the two to stalk her. (*Id*. at 5.) She contends she has been treated differently from other people in the same situation because the MTPD charges other people with theft and stalking "on a routine basis." (*Id*. at 6.)

Lloyd also asserts a state law negligence claim against Lancaster County Upholstery because it has "a duty to the public to allow them to be on the public right of way of their property which would include Lloyd" and it breached that duty by calling the MTPD to end her protest activity. (*Id*. at 6-7.) Finally, she asserts a state law claim for intentional and negligent infliction of emotional distress based on Lancaster County Upholstery calling the MTPD to have her arrested, and the "Manheim Township Police Defendants" for allowing her to be robbed and

stalked. (*Id*. at 7-8.) Lloyd seeks money damages and emergency injunctive relief against MTPD and Lancaster County Upholstery to "allow Lloyd to exert her first amendment rights." (*Id*. at 8-9.)

## II.    STANDARD OF REVIEW

The Court will grant Lloyd leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Lloyd is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013)).

## III.   DISCUSSION

Lloyd asserts both constitutional and state law claims against the named Defendants. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A.     Claims Against the MTPD

Lloyd has named the MTPD as a Defendant. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar.

15, 2016).  Therefore, the MTPD is not a proper defendant in this case under § 1983 and is dismissed.

        **B.**      **Claims Against Officers Martin and Wiczkowski**

Lloyd also names MTPD Officers Martin and Wiczkowski as Defendants.  While she lists them in the caption, Lloyd makes no substantive allegations about how they were involved in the incidents she describes.  Although Lloyd often refers to "Manheim Township Police Defendants," where there are multiple events and defendants at issue, alleging personal involvement often cannot be accomplished by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability.  *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged").  For these reasons, the claims against Martin and Wiczkowski are not plausible and will be dismissed.

        **C.**      **Constitutional Claim Against Lancaster County Upholstery**

While not entirely clear, Lloyd may also seek to assert a constitutional claim against Lancaster County Upholstery since she seeks injunctive relief against it based on a violation of her First Amendment rights.  This claim is not plausible.  "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)).  Participation in the related police investigation also does not render a private person a state actor for purposes of § 1983.  *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting §

1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). Because Lancaster County Upholstery is not a state actor by virtue of contacting the police, any constitutional claim against it is dismissed.

### D. State Law Claims

Lloyd also asserts a state law negligence and intentional infliction of emotional distress claims. Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Lloyd does not allege the state citizenship of the parties. Rather, she provides only Pennsylvania addresses for herself and each Defendant, which suggests that she and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Lloyd has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.

### E.  Emergency Relief

Lloyd also moves for an emergency injunction. Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*,

555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). Because Lloyd's claims are not plausible as pled, her motion seeking emergency injunctive relief will be denied without prejudice since she has failed to establish she is likely to succeed on the merits of any claim she has raised in her Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Lloyd's Complaint.  Her claims against MTPD and any constitutional claim against Lancaster County Upholstery will be dismissed with prejudice.  The balance of her claims will be dismissed without prejudice and Lloyd will be afforded an opportunity to file an amended complaint if she can cure the defects the Court has noted in her claims.  An appropriate Order with additional information on amendment will be entered separately.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**